UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEQUOIA FINANCIAL SOLUTIONS, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-1315-L (BF) |
| § | |
| BOBBY WILLIAMS, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and an Order of Reference from the District Court [D.E. 18], Plaintiff Sequoia Financial Solutions, Inc.'s ("Plaintiff") Verified Motion for Final Default Judgment Including Decree of Foreclosure and Order of Sale ("Motion for Final Default Judgment") [D.E. 17] has been referred to the United Magistrate Judge for findings and recommendation. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's Motion for Final Default Judgment [D.E. 17].

**BACKGROUND**

On December 6, 2005, Defendants Sheila Williams and Bobby Williams ("Williams Defendants") executed and delivered a home equity promissory note to Ameriquest Mortgage Company ("Ameriquest") in the principal amount of $84,800 for which a residential property located at 9614 Altacrest Drive, Dallas, Texas 75227 ("Property") was secured as collateral pursuant to a security instrument (together with the note, "Instrument"). *See* Am. Compl. [D.E. 1 at 3-4]. On July 31, 2006, Ameriquest assigned the Instrument to CitiMortgage, Inc. *See id.* [D.E. 1 at 4]. On February 6, 2009, Sheila Williams entered a Plea Agreement wherein she pled guilty to Count One of the Information: Exceeding Authorized Access to a Protected Computer in violation of Title 18,

United States Code, Section 1030(a)(4). *See* Plea Agreement; 3:09-CR-42-P [D.E. 3 at 2]. On May 20, 2009, Sheila Williams was sentenced to 26 months of imprisonment and ordered to pay restitution in the amount of $370,292.41. *See* J.; 3:09-CR-42-P [D.E. 13 at 2 & 5]. On May 3, 2011, Bobby Williams filed for bankruptcy, listing Sheila Williams as a co-debtor and wherein CitiMortgage obtained stay relief on August 4, 2011 to enforce the Instrument. *See* Am. Compl. [D.E. 1 at 5]. The discharge decree was entered on August 7, 2011. *See id.* [D.E. 1 at 5]. On March 5, 2012, CitiMortgage assigned the Instrument to Granite Loan Acquisition Venture V, LLC ("Granite"). *See id.* [D.E. 1 at 5]. On March 28, 2013, Granite assigned the Instrument to Plaintiff. *See id.* [D.E. 1 at 5].

On March 29, 2013, Plaintiff filed its Complaint for In-Rem Relief Regarding Title to and Possession of Real Property. *See* Compl. [D.E. 1]. On the same date, Plaintiff filed its Amended Complaint for In-Rem Relief Regarding Title to and Possession of Real Property against Defendants Bobby Williams, Sheila Williams and the Department of Justice ("Defendants") seeking: (1) a judgment and a decree declaring and establishing that Plaintiff holds senior interest in the Property; and (2) a post-sale judgment and/or writ of possession, removing Defendants from and awarding possession of the Property to Plaintiff or any other purchaser at sale. *See* Am. Compl. [D.E. 7 at 7-8]. Plaintiff served the Defendants as follows: Bobby Williams was served on May 7, 2013; Sheila Williams was served on April 13, 2013; the Department of Justice was served through the Attorney General and the United States Attorney for the Northern District of Texas on April 1, 2013. *See* Affs. of Serv. [D.E. 9, 10, 11, 12 & 14]. On June 4, 2013, Plaintiff filed its Motion for Entry of Clerk's Default Against Defendants [D.E. 13]. On June 5, 2013, the Clerk entered a default judgment against Defendants. *See* Clerk's Entry of Default [D.E. 15].

## ANALYSIS

Federal Rule of Civil Procedure 55 (b)(2) governs the entry of a default judgment by a court. *See* Fed. R. Civ. P. 55(b)(2). A default judgment can be granted where the plaintiff establishes: (1) the defendant has been served with the summons and complaint and default was entered for failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service nor otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared in the action, that the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. W.M. Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citations omitted). Further, in the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See id.* (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

Having considered the factors discussed above, the undersigned finds that Plaintiff satisfied the prerequisites to obtain a default judgment. Further, the undersigned finds that the factual allegations in the Complaint are taken as true as follows: (1) the Williams Defendants are in possession of the Property, to which Plaintiff and/or any other purchaser is entitled to post-sale possession; (2) the Williams Defendants failed to make scheduled installment payments under the Instrument, which is now in default of which they have been discharged of personal liability in bankruptcy; (3) Plaintiff is the assignee of and holder of the Instrument, having standing to enforce the same against the Defendants and/or the Property; (4) Plaintiff accelerated payment of the balance,

of which the Williams Defendants were provided notice, such as through the filing and service in the instant action; and (5) all interests in the Property, including those of the Defendants, are inferior to Plaintiff's interest. *See* Am. Compl. [D.E. 1 at 5-6]. Therefore, the undersigned recommends that the Court grant Plaintiff's Motion for Final Default Judgment [D.E. 17].

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Plaintiff's Motion for Final Default Judgment [D.E. 17] and enter a default judgment granting Plaintiff's requested relief.

**SO RECOMMENDED**, this 4th day of March, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).