IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEQUOIA FINANCIAL SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:13-CV-1315-L** |
| | § | |
| **BOBBY WILLIAMS,** *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

Before the court is Plaintiff's Verified Motion for Final Default Judgment Including Decree of Foreclosure and Order of Sale (Doc. 17), filed July 1, 2013. The motion was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 4, 2014, recommending that the court grant Plaintiff's Verified Motion for Final Default Judgment Including Decree of Foreclosure and Order of Sale. Plaintiff brought this action against Defendants seeking *in rem* relief regarding title to and possession of certain real property.

After reviewing the motion, pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **grants** Plaintiff's Verified Motion for Final Default Judgment Including Decree of Foreclosure and Order of Sale (Doc. 17). Accordingly, the court **orders** that default judgment be entered in favor of Plaintiff and further **orders** as follows:

1. Plaintiff holds a valid first position senior lien upon all property, rights to property, claim or estate of Defendants against the Property and its improvements, buildings, fixtures, and

appurtenances located within this District and Division, which is secured as collateral for Plaintiff's Note, per the Deed of Trust, including rents derived from the Property, described as: Lot 13, Block C/6755, of Bruton Terrace #, an addition to the City of Dallas, Dallas County Texas, according to the Plat thereof recorded in Volume 323, Page 1189 of the Map Records of Dallas County, Texas. Address: 9614 Altacrest Drive, Dallas, Texas 75227.

2. Plaintiff's lien is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of Defendants and all persons, firms or corporations claiming by, through or under Defendants or any of them and the Deed of Trust is foreclosed against the Property.

3. Pursuant to 28 U.S.C. § 2001 *et seq*, the sale of the Property is made without right of redemption.

4. Pursuant to Federal Rule of Civil Procedure 53, the court appoints Justin Roberts, Esq., 3512 Wentwood, Dallas, Texas 75225, Phone (214) 417-2383; Email: justin.roberts.law@gmail.com or his designee, as Special Master.

5. Pursuant to 28 U.S.C. § 2001 *et seq*, notice of the public sale of the Property shall be published by Plaintiff once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Dallas County, Texas. Following publication of the notice, the Special Master is authorized and directed to offer and sell the Property, its improvements, buildings, fixtures, and appurtenances for public sale, at the Dallas County Courthouse, on the first Tuesday of the month, at the courthouse door, in accordance with Texas Rules of Civil Procedure 631, 646a, 647 and 648, applicable to this action under Federal Rule of Civil Procedure 64.

6. Under 28 U.S.C. § 564 and 566, the Special Master is authorized to exercise the same powers in conducting the sale as any local official or party conducting foreclosure sales, in order to yield the best sale price of the Property through free, fair, and competitive bidding;

7. At the time of sale, the successful bidder(s) shall be required to deposit with the Special Master a minimum of five percent (5%) of the deposit of the successful bid by cash, cashier's check or certified check, made payable to Plaintiff's counsel of record. Before being permitted to bid at sale, bidders shall present proof to the Special Master that they are able to comply with this requirement; otherwise, bidders will not be allowed to bid. Plaintiff may bid as a credit against the amount due on its Note and Mortgage without tender of cash.

8. The balance of the purchase price for the Property shall be tendered by the successful bidder in the form of cash, cashier's check or certified check payable to Plaintiff's counsel of record, within ten (10) days following the date of sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale and the Property shall be reoffered for sale in accordance with the above provisions or sold to the second highest bidder, at Plaintiff's discretion.

9. If Plaintiff is the purchaser, the Special Master shall credit on Plaintiff's bid the total sums found to be due to Plaintiff, or such portion as may be deemed necessary to pay fully the bid of the Plaintiff. If not the purchaser at sale, then Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Special Master.

10. Upon full compliance with the terms of sale, the Special Master shall file a Report of the sale with the Clerk of Court, subject to confirmation by the court.

11. Pursuant to Federal Rule of Civil Procedure 70, the court will then enter an order confirming the sale of the Property and conveying title of the Property to the purchaser at sale, which shall be filed and recorded in the local land registry office and shall have the same legal effect as a conveyance under Texas Civil Practice & Remedies Code section 34.045, *et seq.*, and Texas law.

12. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and land registry fees and like costs, as provided by law.

13. Upon filing of the confirmation order, the sale proceeds shall be applied to Plaintiff's costs and disbursements of this action, to the expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by state law from this date to the sale date.

14. Plaintiff or any other purchaser at the foreclosure sale is granted possession of the Property, its improvements, fixtures and other contents, which all other parties, occupants and entities shall vacate following the sale, as directed by the United States Marshal or local law enforcement officers, who, along with deputies and agents, are authorized and directed to take any and all action to remove any persons and their belongings from the Property. Defendants, occupants of the Property, and all others shall vacate the Property at the direction of the United States Marshal or local law enforcement officers and shall not commit waste, damage or vandalism against the Property or do anything to impair its value, and violation of these conditions will be punishable by contempt of court.

15. Until the Property is sold and the successful bidder takes physical possession, Defendants or those in possession, shall take all reasonable steps necessary to preserve the Property, in

its current condition, including its buildings, improvements, fixtures and appurtenances including, without limitation, maintaining fire and casualty insurance policies on the Property and providing proof of insurance when requested by Plaintiff. Defendants or those in possession, shall not commit waste, damage or vandalism against the Property or do anything to impair or reduce the value or marketability of the Property, including but not limited to recording any instruments, publishing any notice, or taking any other action that may tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so.

16. If any person or entity occupying the Property fails or refuses to leave and vacate the Property by the time specified in this Decree of Foreclosure and Order of Sale, the Plaintiff or other purchaser at sale is authorized to coordinate with the United States Marshal or local law enforcement and deputies and agents to take all actions that are reasonably necessary to eject those persons.

17. If any person fails or refuses to remove their personal property from the Property as specified in this Decree of Foreclosure and Order of Sale, then any personal property remaining on the Property is deemed forfeited and abandoned; and Plaintiff or other purchaser at sale is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance being distributed as described within this Decree.

18. The court shall retain jurisdiction over this action for purposes of making any and all further orders and decrees as may be just and equitable including, without limitation, orders of distribution, orders permitting private sale and contempt.

In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 11th day of March, 2014.

Sam A. Lindsay
United States District Judge